

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| KEVIUNTAE HYTOWER,<br>Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 6:19-1885-MGL |
| WARDEN BUTNER FCI and<br>ATTORNEY GENERAL ALAN WILSON,<br>Respondents. | §<br>§<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING WILSON'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THIS ACTION WITH PREJUDICE**

Petitioner Keviuntae Hytower (Hytower) filed this 28 U.S.C. § 2254 petition against Respondents Warden Butner FCI (the Warden) and Attorney General Alan Wilson (Wilson). He is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Wilson's motion for summary judgment be granted on the basis his petition is time barred. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 26, 2020; and the Clerk of Court entered Hytower's objections on March 19, 2020. The Court has carefully reviewed Hytower's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In Hytower's objections, he generally does nothing more than present the same arguments the Magistrate Judge has already considered and rejected in his comprehensive and well-reasoned Report. Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not repeat the discussion here.

Hytower's remaining objection are so lacking in merit as to require no discussion. Consequently, the Court will overrule Hytower's objections. As such, the Court will adopt the Magistrate Judge's recommendation and grant Wilson's motion for summary judgment because Hytower's petition is untimely.

But, even after doing so, Hytower's petition is technically still pending against the Warden, whom he also named in his petition. Inasmuch as Hytower is currently incarcerated at the Butner Federal Correctional Institution, the Warden there is Hytower's custodian. Thus, because 28 U.S.C. § 2243 requires a petitioner's § 2254 petition "be directed to the person having custody of" the petitioner, it was proper for Hytower to name the Warden in his petition.

Although the Warden failed to file a motion for summary judgment, the same rationale supporting dismissal of the petition against Wilson applies to his § 2254 petition against the Warden. In other words, inasmuch as the statute of limitations bars Hytower from the habeas relief he seeks from Wilson, the same statute of limitations keeps him from obtaining relief from the Warden. As such, although the Warden failed to ask for dismissal, the in forma pauperis statute counsels the Court to dismiss Hytower's petition against the Warden sua sponte. *See* 28 U.S.C. § 1915(e)(2)

(giving the Court the authority to dismiss a pro se litigant's action sua sponte when it concludes the case is without merit).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hytower's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Wilson's motion for summary judgment is **GRANTED**; and the petition is **DISMISSED WITH PREJUDICE** as to both Wilson and the Warden.

To the extent Hytower moves for a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 7th day of April, 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.